IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

STEVEN RAY FESTER,
TDCJ-CID No. 01725073,

    Plaintiff,

v.

NATHAN HANSEN, *et al.*,

    Defendants.

2:20-CV-144-Z-BR

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights claims. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. *See* ECF No. 3. Plaintiff was granted permission to proceed *in forma pauperis*. *See* ECF No. 5. On May 31, 2022, Plaintiff filed a Response to the Court's Briefing Order Questionnaire, effectively supplementing his claims. ECF No. 7. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

### FACTUAL BACKGROUND

Plaintiff's Complaint together with the Response to the Briefing Order Questionnaire allege that on June 14, 2018, while performing surgery to repair a bile duct, Defendant Hansen (a medical doctor) caused serious injuries to Plaintiff. ECF No. 7 at 2. On June 17, 2018, another doctor was needed to perform a second procedure on Plaintiff. *See id.* Apparently, a misplaced staple caused significant injuries to Plaintiff during the initial procedure. *See id.* On June 17, 2018, Plaintiff alleges that Defendant Ellington (a medical doctor) was deliberately indifferent to

Plaintiff's medical needs because he failed to inform Plaintiff that there was an existing injury to his bile duct, which ultimately resulted in future substandard care for Plaintiff. *See id.* at 3. Plaintiff also sues the entity Northwest Texas Hospital for their failure to apprise Plaintiff of his medical injuries prior to his discharge. *See id.* at 4. Additionally, Plaintiff names multiple employees of the hospital who were a part of his continued care during his multiple day stay from June 14-17, 2018. *See id.* at 5. Plaintiff alleges that these employees knew of his injuries and failed to inform him of the nature of such injuries, resulting in even further injury. *See id.* Plaintiff also alleges that on June 19, 2018, Defendant Onkedi (a medical doctor) performed another medical procedure on Plaintiff and caused further damage to the Plaintiff through this procedure. *See id.* at 6.

On August 1, 2018, during a follow-up examination, Plaintiff alleges that Defendant Goyal (a medical doctor), was deliberately indifferent to Plaintiff's medical needs when he removed a drain from the Plaintiff's liver. *See id.* at 7. On that same date, a John Doe was present during Defendant Goyal's removal of the tube and caused further injury to Plaintiff and failed to adequately inform Plaintiff of the injuries caused to him. *See id.* at 8. At a subsequent follow-up visit to the hospital, on September 18, 2018, Defendant Schmidt (a medical doctor) failed to adequately diagnose infections and failed to properly treat and provide care to Plaintiff. *See id.* at 9. Additionally, from June to September of 2018, Defendant Bradford provided some medical care to Plaintiff, but failed to adequately recognize and diagnose the needed follow-up care, worsening Plaintiff's injuries. *See id.* at 10. During the treatment by Defendants Schmidt and Bradford, Plaintiff also alleges an unidentified Jane Doe nurse provided inadequate medical treatment to Plaintiff. *See id.* at 11.

Finally, Plaintiff sues the University Medical Center for the role the facility played during his procedures and follow-up care in failing to adequately inform Plaintiff of his injuries and need

for additional care and for failing to provide adequate treatment. *See id.* at 12.

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears*[2] hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

### ANALYSIS

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal marks omitted). Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104–05. Medical records showing sick calls, examinations, diagnoses, and medications may rebut an

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).
[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). A delay in medical care constitutes an Eighth Amendment violation only if there was deliberate indifference, which resulted in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Deliberate indifference "is an extremely high standard to meet." *Hernandez v. Tex. Dep't of Protective & Regul. Servs.*, 380 F.3d 872, 882 (5th Cir. 2004) ("[E]mphasizing . . . the test of deliberate indifference as a significantly high burden for plaintiffs to overcome."). A prison official acts with deliberate indifference "only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal marks omitted); *see also Reeves v. Collins*, 27 F.3d 174, 176–77 (5th Cir. 1994). Unsuccessful medical treatment and acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Hall v. Thomas*, 190 F.3d 693, 697–98 (5th Cir. 1999); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999); *Banuelos v. McFarland*, 41 F.3d at 235; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). The Fifth Circuit has defined a "serious medical need" as "one for which treatment has been recommended or for which the need is so apparent that *even laymen* would recognize that care is required." *Gobert*, 463 F.3d at 345 n.12 (emphasis added).

The Court has reviewed the allegations in the Complaint and the Response to the Briefing

Order Questionnaire. Plaintiff's own filings acknowledge myriad appointments, hospital visits, procedures, surgeries, medical care, and follow-up care. *See id.* at 2–12. In essence, Plaintiff has alleged that the treatment and care he did receive was inadequate, and he suffered pain and possible exacerbation as a result of the treatment. *See id.* At most, Plaintiff has alleged negligence or inadequate medical treatment, but not deliberate indifference. *See Hall*, 190 F.3d at 698 ("This is simply not a scenario consistent with deliberate indifference to a serious medical need.").

Plaintiff's allegations do not evince a wanton disregard for the medical needs of Plaintiff. *Johnson*, 759 F.2d at 1238; *Hall*, 190 F.3d at 697 ("prison official must 'know[] of and disregard[] an excessive risk to inmate health or safety"). In fact, Plaintiff's Complaint and Response to the Briefing Order Questionnaire both reveal that Plaintiff *was* provided medical appointments, treatment for his bile duct obstruction and other conditions, and follow-up care. Proper techniques, equipment, and diagnosis aside, Plaintiff has not alleged that Defendants deliberately ignored his requests to be seen by medical staff, failed to provide any treatment in response to Plaintiff's complaints, or disregarded a known excessive risk.

"At its most egregious, [Plaintiff]'s evidence may suggest negligence, but that is insufficient to support an Eighth Amendment claim." *Hall*, 190 F.3d at 698. Plaintiff has failed to state a claim for indifference to a serious medical need — or any other claim for which relief can be granted. His Complaint is **DISMISSED**.

**SO ORDERED.**

July 19, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

5